PRICE, Judge.
Michelle Ferguson Bazar appeals a trial court judgment awarding the permanent custody of her two children to the father, Kenneth Lynn Bazar, appellee herein. We affirm.
Kenneth Lynn Bazar and Michelle Ferguson were married on June 18, 1976, in Winn Parish. Of this marriage twin children were born, Jennifer Lychel and Kenneth Lynn Jr., approximately three years of age at the trial of this matter.
On July 2, 1980, Michelle Ferguson Bazar filed a petition for separation based upon the grounds of cruelty and habitual intemperance. Kenneth Lynn Bazar answered with a general denial which was later supplemented to include a prayer for the permanent custody of the children and a recon-ventional demand for separation on the grounds of cruelty and abandonment. At trial, Kenneth Lynn Bazar filed in open court a second amended answer and recon-ventional demand seeking an immediate divorce on the grounds of adultery and again praying for permanent custody of the children.
The trial on the merits, held December 16, 1980, resulted in a judgment of divorce on the grounds of adultery in favor of Kenneth Lynn Bazar. After taking the custody question under advisement, the trial court on February 27, 1981, rendered judgment granting Kenneth Lynn Bazar the permanent custody of the two children.
Upon the timely motion of counsel, the trial court on March 13, 1981, granted a new trial to Michelle Ferguson Bazar limited solely to the issues concerning the petition for divorce on the grounds of adultery. Since the court did not hold the child custody provisions of the judgment in abeyance, this appeal was taken.
The sole issue to be decided is whether, in light of all the evidence presented, the trial court clearly abused its discretion in awarding permanent custody of the children to the father, Kenneth Lynn Bazar.
One of the children, Kenneth Lynn Jr., has cerebral palsy and requires daily massage and exercise to keep his legs from stiffening. The child also suffers from chronic respiratory problems and has been treated in the past for bronchitis and pneumonia. Appellee testified that on those occasions he cared for the children after the separation, he noticed his son’s legs were stiff, indicating the child had not been receiving his daily therapy while in the care of appellant.
Appellant testified she left the matrimonial domicile on June 19, 1980, taking the children with her. After spending several months at her mother’s residence, appellant moved to the home of her paramour, where she resided with her children for about three weeks. This living arrangement terminated upon the advice of her attorney, after it was learned that appellee desired custody of the children. Further testimony revealed that during the months appellant lived with her mother, the paramour was a frequent house guest, often spending the night with appellant.
Appellant testified she hoped to marry her paramour in the future. Until that time, her only plans were to stay with her mother who would help in the raising of the children.
Appellant testified to her belief that it was proper for unmarried people to live together if they loved each other. When questioned on cross-examination, she admitted she would convey the same belief to her children. Appellant’s mother testified she approved of her daughter’s adulterous relationship.
Appellee testified to having emotional problems resulting from a prior automobile accident and the subsequent breakup of his marriage. Appellee has’ been treated by several doctors, and on more than one occasion has been hospitalized because of his emotional state.
Appellee indicated he stopped seeing these doctors because he considered himself capable of handling his own problems once again. Several witnesses testified to a recent marked improvement in appellee’s emotional state. Appellant’s paternal aunt *685 and uncle both testified appellee is a dedicated and loving father who is emotionally capable of caring for the children. Appel-lee has been steadily employed for the past seven years and is currently earning about $18,000 a year. He plans to move his mobile home next to his parents’ residence so they may aid him in caring for the children while he is at work. Appellee’s father, a Baptist minister, testified he and his wife have taken care of the children in the past and have assisted in Kenneth Lynn Jr.’s therapy.
In awarding custody of the children to appellee, the trial court found that appellee seemed to be resolving his emotional problems and is a devoted father who is determined to provide his son with all the care and therapy necessary to his well-being. On the other hand, the trial court found appellant’s only plans were to marry her paramour, receive child support, and find work if necessary. The court further found appellant’s testimony indicates she is seeking an escape from the responsibilities of raising two young children.
On appeal appellant contends she is no longer engaging in a course of improper conduct with her paramour and that this reformation of lifestyle renders her the most fit parent to have custody of the children. Appellant further urges the instant case is factually indistinguishable from, and controlled by, Cleeton v. Cleeton, 383 So.2d 1231 (La.1979), where custody of the children was granted to the mother.
In Cleeton the mother of three daughters became involved with a man after a separation in fact from her husband. This man, David Breedlove, was a frequent guest at the Cleeton home and often spent the night or whole weekend. Mrs. Cleeton did not cease her open association with Breedlove until suit demanding a change of child custody was filed by her husband. In awarding custody of the children to Mrs. Cleeton, the trial court noted she had discontinued her open association with Breedlove and decided her past conduct did not outweigh the other factors in her favor.
The court of appeal reversed the trial court, finding Mrs. Cleeton morally unfit based upon her past conduct. On rehearing, the Louisiana Supreme Court reversed the court of appeal and reinstated the trial court’s award of custody to Mrs. Cleeton.
While the instant case bears certain factual similarities to the Cleeton case, we do not believe these similarities warrant the same result as reached in Cleeton. Cleeton v. Cleeton, supra, certainly stands for the proposition that the purpose of a custody determination is not to punish a parent for past misconduct when there is no proof of a detrimental effect on the children. However, that case also stands for a principle basic to our system of appellate review: the determination of the trial court in child custody cases is entitled to great weight and will not be disturbed absent a clear showing of abuse of discretion. See also Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971); Stephenson v. Stephenson, 404 So.2d 963 (La.1981).
In the instant case the trial court was in a position to evaluate the best interests of the children based upon the conduct and character of the parties and of community standards. While it appears appellant has ceased open association with her paramour, we have only her self-serving testimony to show she desires to marry him in the future. In effect, appellant’s only plan is to continue the status quo until her possible remarriage. However appellee, with the aid of his parents, has made definite plans to provide his children with a stable home environment where they will receive all the care necessary for their physical and emotional well-being. Considering this, we cannot say the trial court abused its discretion in awarding custody of the children to ap-pellee.
For the reasons assigned, the judgment appealed is affirmed at appellant’s costs.